UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

                Defendants.

23-CV-5406 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Towaki Komatsu, who is proceeding *pro se* and *in forma pauperis* ("IFP"), brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. Plaintiff filed the original complaint on June 26, 2023. On July 10, 2023, he filed an unsigned proposed order to show cause for preliminary injunction and temporary restraining order requesting preliminary injunctive relief. (ECF 3.) On July 11, 2023, Plaintiff filed an amended complaint. (ECF 4.) In the amended complaint, Plaintiff requests a "change of venue outside of the Second Circuit." (*Id.* at 1.) For the reasons set forth below, the Court (1) construes Plaintiff's request for a change of venue as a motion for recusal of the undersigned and denies that motion; and (2) denies Plaintiff's request for preliminary injunctive relief.

## DISCUSSION

**A.    Motion for Recusal**

    Plaintiff asks that this action be transferred to a venue "outside of the Second Circuit" due to "ongoing undue & substantial prejudice cause by the atrocious failure by federal judges in the Second Circuit to perform their legal duty to diligently & neutrally exercise proper control of court." (ECF 4, at 9) (capitalization omitted). The following allegations are taken from the section of the amended complaint requesting a change of venue. The United States Marshals

Service ("USMS") has violated Plaintiff's rights by failing to conduct "objective and diligent investigations about complaints that [Plaintiff] reported against [Court Security Officers ("CSOs")] and USMS personnel." (*Id.* at 10.) Plaintiff references a "restraining order that [he] sought for the Second Circuit to immediate issue against the USMS and CSOs to promptly end the illegal by USMS personnel and CSOs of displaying information about me inside of federal courthouses in New York City." (*Id.* at 15.) Plaintiff believes that his face is displayed "as part of a USMS watch-list," but that the displays are visible to members of the public as they pass by. (*Id.* at 18.) Plaintiff raised this practice in an appeal he currently has before the United States Court of Appeals for the Second Circuit. He alleges that he asked the Second Circuit to "fast-track" his appeal, but that it has instead "slow-walk[ed]" his appeal, serving "to exacerbate the fact that I can't possibly be granted redress on the merits about the USMS' crimes in this judicial circuit simply because of how subservient federal judges are to the USMS and CSOs." (*Id.* at 16.) Plaintiff asserts that because of these facts, "all federal court litigation in which [he's] a party needs to be reassigned to [a] court that is located outside of the Second Circuit and to judges who aren't spineless in order for them to continuously, diligently, and neutrally police the behavior of the USMS and CSOs to hold them in proper check instead of engaging in scapegoating and facilitating cover-ups by the USMS and CSOs." (*Id.*)

Plaintiff further asserts that the undersigned "committed fraud on the court and obstruction of justice" when dismissing one of his previous actions. (*Id.* at 20.) He also references an order issued in one of Plaintiff's prior cases in which the undersigned denied Plaintiff's request to keep his cell phone inside the courthouse in order to make video and audio recordings of the CSOs. (*See id.* at 17.) Judge Schofield dismissed one of his prior actions, and because Plaintiff disagrees with that decision, "Judge Schofield mustn't be allowed to be

2

assigned to further litigation of mine." (*Id.* at 23.) Similarly, Plaintiff contends that Judge Stanton and Judge Ramos should be prohibited from being assigned to any of Plaintiff's future cases because they "fraudulently dismissed" his prior actions. (*See id.* at 23-24.)

The Court will address Plaintiff's broader request for a change of venue in due course. For purposes of this order, the Court construes Plaintiff's allegations that the undersigned cannot preside over this action as a motion for recusal, and it will address that motion before addressing Plaintiff's request for preliminary injunctive relief. A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]").

In rare circumstances, judicial "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the [court] proceedings, or of prior proceedings," may be the basis of a recusal motion, but only if those opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555 (1994).

Plaintiff states no facts suggesting that the undersigned "displayed a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Any reasonable and objective observer would perceive Plaintiff's dissatisfaction as related to the undersigned's rulings only. If Plaintiff is dissatisfied with the undersigned's rulings, the proper remedy is to appeal them to the United States Court of Appeals for the Second Circuit. *See Liteky*, 510 U.S. at 555 (noting that "[a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal").

Similarly, Plaintiff's allegations that CSOs or the USMS have failed to investigate his complaints or determined him to be a security risk and taken steps to protect the public and court employees would not lead "an objective, disinterested observer" to "entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted). The CSOs and the USMS are not parties to this action and Plaintiff's allegations concerning them are not the subject of this litigation.

Because there is no need or proper basis for the undersigned to recuse herself from this action, the Court denies Plaintiff's motion seeking recusal of the undersigned.

**B.    Motion for Preliminary Injunctive Relief**

Plaintiff has filed an unsigned proposed order to show cause for preliminary injunction and temporary restraining order requesting preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to

make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's amended complaint and motion for preliminary injunctive relief do not demonstrate a likelihood of success on the merits of his case or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. For example, Plaintiff's 181-page amended complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure because it does not provide a short and plain statement of his claims. Specifically, the amended complaint contains irrelevant and confusing allegations about many different and unrelated incidents, some of which pertain to parties who are not named in this action.

Plaintiff appears to be asserting claims that his due process rights were violated when the New York City Human Resources Administration ("HRA") refused to immediately reimburse him for public assistance benefits that he believes were stolen from his account. While Plaintiff likely does have a property interest in his public assistance benefits, *see Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (citation omitted), his due process claims must fail because he does not allege that he has taken advantage of the state procedures available to him, *see Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991) (if a state has provided adequate remedies for deprivation of property, "there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure"); *Banks v. HRA*, No. 11-CV-2380, 2013 WL

142374, at *3 (E.D.N.Y. Jan. 11, 2013) (in New York, access to a fair hearing under N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. § 358, and further review in the state courts in an Article 78 proceeding satisfies due process).

Furthermore, Plaintiff does not demonstrate that he will experience irreparable injury in the absence of an injunction. For the purposes of a preliminary injunction, the Second Circuit has defined "irreparable injury" to mean "that if [a plaintiff] is entitled to a final injunction, its interim damages cannot be calculated with sufficient accuracy to make damages an adequate substitute." *Ives Labs., Inc. v. Darby Drug Co., Inc.*, 601 F.2d 631, 644 (2d Cir. 1979). Put another way, "it has always been true that irreparable injury means injury for which a monetary award cannot be adequate compensation and that where money damages is adequate compensation a preliminary injunction will not issue." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). "Thus, if it appears that the potential harm to the moving party is simply a monetary loss, the potential injury is normally not deemed irreparable and hence does not justify injunctive relief." *Sperry Int'l Trade, Inc. v. Gov't of Israel*, 670 F.2d 8, 12 (2d Cir. 1982).

Here, Plaintiff asserts constitutional claims arising from HRA's refusal to immediately reimburse him for public assistance benefits allegedly stolen from his account, and claims arising under state law that HRA and its employees have failed by comply with a contract Plaintiff alleges that he made with the New York City Department of Social Service's General Counsel Ann Marie Scalia. Plaintiff does not allege any facts, however, suggesting that money damages would be inadequate to compensate him for any loss he may have experienced. Moreover, much

of the preliminary injunctive relief Plaintiff is seeking appears to have little, if any, relationship to the claims he raises.[1]

Accordingly, Plaintiff's request for an order to show cause (ECF 3) is denied. The Court will fully address the merits of the claims raised in Plaintiff's amended complaint in due course.

**CONCLUSION**

The Court denies Plaintiff's motion for the undersigned's recusal. (*See* ECF 4, at 9-24.)

Plaintiff's request for an order to show cause (ECF 3) is denied.

---

[1] Plaintiff's 126-page motion for preliminary injunctive relief includes 16 pages describing the various preliminary injunctive relief that Plaintiff seeks, including orders directing Defendants to: (1) replace the public assistance benefits of which Plaintiff believes he was defrauded; (2) "[r]everse all deductions within 24 hours that HRA has made to the cash-assistance benefits that Plaintiff has received . . . since 2016" (ECF 3, at 18); (3) inform New York State Supreme Court Judge Nancy Bannon that Plaintiff's adversaries "lied" to her in the course of Plaintiff's state court litigation (*id.* at 19); (4) provide Plaintiff a hotel room at Candlewood Suites in Manhattan, where he will be provided with "a kitchenette, queen-sized bed, desk, printer, printer paper, printer ink, envelopes, free high-speed and unlimited data wireless Internet services, free laundry service, television, and a private bathroom and shower" (*id.*); (5) provide Plaintiff with various internal city agency records, related to topics such as "[t]he degree to which and when current and/or former personnel of HRA, DHS, DSS, and Urban were aware of and condoned an attempted assault against Plaintiff by Ronald Sullivan on 5/12/16 that occurred inside of apartment 4B in the building that is located at 802 Fairmount Place in the Bronx before Mr. Sullivan was able to and did, in fact, viciously assault Plaintiff in that apartment on 7/2/16" (*id.* at 23); and (6) pay "daily sanctions in the amount of $10,000 against the City of New York to be payable to Plaintiff within 24 hours in the event that the City of New York, its agencies, and/or its personnel fail to comply with this order" (*id.* at 24).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 20, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge