UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.

                Defendants.

23-CV-5406 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On July 20, 2023, the Court denied Plaintiff's requests for recusal of the undersigned and for preliminary injunctive relief. (ECF 9.) On July 21, 2023, Plaintiff filed a notice of interlocutory appeal. (ECF 12.) On July 24, 2023, Plaintiff filed a letter motion seeking "reconsideration and clarification pursuant to [Federal Rules of Civil Procedure] Rules 60 and 59 as well as [Federal Rules of Appellate Procedure] Rule 4(A) about [the Court's] 7/20/23 order in this case." (ECF 10, at 1.) Plaintiff filed additional letters on July 25, 2023, July 27, 2023, and July 29, 2023. (ECF 11, 13, 14.)

The Court liberally construes Plaintiff's submissions as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e).[1] *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude

---

[1] The Court declines to construe the submission as a request for reconsideration under Rule 60 of the Federal Rules of Civil Procedure. Rule 60 only applies to a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). An order granting or denying a preliminary injunction or temporary restraining order "is not a final judgment, order, or proceeding that may be addressed by a motion for relief from judgment." Wright & Miller, 11 Fed. Practice and Procedure § 2852 n.7 (2008); *see also Nnebe v. Daus*, No. 06-CV-4991 (KMK), 2006 WL 2309588, at *1 (S.D.N.Y. Aug. 7, 2006) ("Both a TRO and a preliminary injunction are interlocutory, thus neither is a 'final judgment, order, or proceeding.' Rule 60 is inapplicable in this case." (citation omitted)).

afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

A.   **Effect of Pending Appeal**

Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But Rule 4 of the Federal Rules of Appellate Procedure provides that a district court has jurisdiction to rule on a motion under Rule 59 of the Federal Rules of Civil Procedure after a notice of appeal has been filed, but only if the motion is filed within 28 days after the entry of the order. Fed. R. App. P. 4(a)(4)(A).

Here, the Court received Plaintiff's letter motion seeking reconsideration within 28 days after the Court issued its July 20, 2023, order. The Court therefore has the authority under Rule 59 to consider his request.

B.   **Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see*

*also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

In his motion, Plaintiff largely reiterates factual allegations, legal arguments, and unsupported accusations that were included in the amended complaint and motion for preliminary injunctive relief. To the extent Plaintiff presents any new facts, such as his "major update" regarding a 2017 incident in which an individual was allegedly assaulted by a court security officer and Plaintiff's own 2018 interaction with the same officer (ECF 11), those facts do not demonstrate that the Court overlooked any controlling law or factual matters that would require reconsideration of its July 20, 2023, order. Similarly, Plaintiff's reference to a July 18, 2023, order granting preliminary injunctive relief in a case based on different facts and different legal issues does not warrant reconsideration of the Court's decision in this case.[2] (*See* ECF 14.)

Because Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the denied requests, the Court denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

---

[2] Plaintiff refers to *Forest v. City of New York*, No. 23-CV-0743 (JHR) (S.D.N.Y.). In that case, the plaintiffs allege that the City of New York is failing to process applications and recertifications for certain public assistance benefits within the timeframe prescribed by state and federal law. On July 18, 2023, Judge Jennifer H. Rearden granted the plaintiffs' request for preliminary injunctive relief which requires, among other things, the City to comply with the relevant statutory timelines by March 31, 2024. *See Forest*, ECF 1:23-CV-0743, 59.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 10) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 31, 2023
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                          Chief United States District Judge